IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
RICHARD ALLEN MITCHELL,    )
                           )
Petitioner,                )
                           )
vs.                        )   CAUSE NO. 3:11-CV-361
                           )
SUPERINTENDENT,            )
                           )
Respondent.                )
```

**OPINION AND ORDER**

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2241 for Writ of Habeas Corpus, filed by Richard Allen Mitchell, a *pro se* prisoner, on September 7, 2011. (DE #1.) For the reasons set forth below, the petition (DE #1) is **TRANSFERRED** to the United States District Court for the Southern District of Indiana.

BACKGROUND

According to the petition and attachments, Mitchell was arrested on August 21, 2003, by law enforcement in Kosciusko County and charged with armed robbery, possession of stolen property, and resisting law enforcement. (*Id.*; DE #1-1 at 5.) At the time of his arrest, he was found to have a handgun in his possession. (DE #1 at 3.) While the state charges were pending, Mitchell was indicted on federal charges of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g). (DE #1-1 at 4, 6.)

Mitchell pled guilty to the federal charge and on April 1, 2004, was sentenced to 37 months in prison. (*Id.* at 7.) He later went to trial on the state charges and was convicted. (*Id.* at 3.) He is currently housed at Pendleton Correctional Facility in Pendleton, Indiana, serving a 40-year sentence on the state convictions. (*Id.* at 3-4.)

On August 28, 2007, the U.S. Marshal for the Southern District of Indiana filed a federal detainer with the Indiana Department of Correction indicating that Mitchell has a 37-month federal sentence to serve once his state sentence is completed. (DE #1-1 at 1.) Mitchell believes that this is in error, and that the federal sentence should be running concurrent with the state sentence. (DE #1 at 1-5.) He complains that the existence of the federal detainer is preventing him from participating in certain prison programs. (*Id.* at 4-5.) Mitchell has written to the Attorney General asking that the detainer be removed, and that his federal sentence be run concurrent with his state sentence, but without any success. (DE #1-1 at 2; DE #1 at 2.)

DISCUSSION

The Attorney General has discretion to designate any correctional facility, including a state correctional facility, as the place of confinement for service of a federal sentence. 18 U.S.C. § 3621(b); *Romandine v. United States*, 206 F.3d 731, 738

(7th Cir. 2000).  The Attorney General's decision whether to designate a state correctional facility as the official detention facility for serving a federal sentence, which in effect controls whether a federal sentence will run concurrent or consecutive to a state sentence, is reviewable under 28 U.S.C. § 2241.  *Romandine*, 206 F.3d at 738.

However, the law is clear that a petition brought under 28 U.S.C. § 2241 must be litigated in the District where the petitioner is in custody.  *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009) ("[T]he proper venue for filing a § 2241 petition is the district in which the prisoner is confined."); *Kholyavskiy v. Achim*, 443 F.3d 946, 951 (7th Cir. 2006)("We [have] interpreted 28 U.S.C. § 2241, which gives district courts the power to grant writs of habeas corpus 'within their jurisdictions,' to mean that the only proper venue . . . is the federal district in which the petitioner is detained.").  Even though the federal detainer at issue arises from a criminal case litigated in this District, Mitchell is not in custody here.  Instead, he is incarcerated within the geographic boundaries of the Southern District of Indiana.

Under 28 U.S.C. § 1406(a), when a case is filed in the wrong district, "[t]he district court . . . [may] transfer such case to any district or division in which it could have been brought." Therefore, this case will be transferred to the Southern District

of Indiana.

CONCLUSION

For the reasons set forth above, the petition (DE #1) is **TRANSFERRED** to the United States District Court for the Southern District of Indiana.

DATED: September 14, 2011        /s/ RUDY LOZANO, Judge
                                 United States District Court